UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

United States Of America,

    -against-

Eliahou Paldiel and
Carlos Arturo Suarez Palacios,

              *Defendants.*

24-CR-329 (ARR)
NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**ORDER**

**Requested Further Briefing on Defendants' Motion to Dismiss**

In deciding whether to dismiss a single count that asserts several "independent ground[s] for a conviction," I am permitted to partially dismiss that count as to those grounds that are legally insufficient. *See United States v. Hoskins*, 902 F.3d 69, 76 (2d Cir. 2018) (concluding that the government could appeal a partial dismissal of a single count of an Indictment, where the district court dismissed two "independent grounds for a conviction" but permitted prosecution for that count under the remaining alternative theories, and affirming district court's partial dismissal as to one of those theories). Thus, where a single conspiracy count asserts multiple "objects of the conspiracy," I may narrow the indictment to exclude those objects that fail to state an offense. *Id*. at 73, 98.

      The wire fraud conspiracy charged in Count One of the Indictment is alleged to have had several different objects, *i.e.*, it alleges a scheme to defraud several distinct categories of victims with distinct property interests. The parties' briefing does not clearly delineate which arguments are directed at which classes of victims and property, and I therefore order the parties to provide further briefing on two particular objects of the charged conspiracy.

1

First, the Indictment alleges that defendants schemed to defraud Uber and its riders by "causing riders to pay millions of dollars in fraudulent 'surge' fees." Ind. ¶ 12. But, as defendant notes, the Indictment alleges that the price charged to riders was based on the riders' location and was calculated "[p]rior to requesting a ride." *Id*. ¶ 5. Thus, the Indictment suggests that the fare charged to riders was unaffected by the drivers' location. I therefore order the government to clarify its theory. Specifically, the government should address whether, at trial, it intends to prove that the Scheme Drivers (A) caused both Uber and its riders to pay surge fees for rides in non-surge zones; (B) caused Uber, but not its riders, to pay surge fees for rides in non-surge zones; or (C) caused Uber and its riders to pay surge fees for rides in surge zones that the drivers were ineligible to receive due to their location outside of that zone.

Second, without further elaboration or citation to any authority in support, the government contends that defendants' Screwber application provides an independent basis for liability because "it interfered with and caused de[]teriation to" Uber's "property interest in its algorithms and the operation of the Rideshare Application." Opposition to Mot. to Dism. ("Opp.") at 18, ECF No. 37. Due to the government's cursory treatment of the issue, I am unable to discern what "property interest" the government intends to assert. I therefore order further briefing on whether those asserted interests are indeed "property" as recognized by the wire fraud statute, and if so, how harm to each property interest was "an object" of the fraud conspiracy.

The parties are ordered to file their briefs according to the following schedule:

- The government shall file its brief by February 7, 2025.
- Defendant shall file his response by February 28, 2025.
- The government shall file its reply by March 7, 2025.

2

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:    January 17, 2025
          Brooklyn, New York