
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

OCT 28 2025 ★

BROOKLYN OFFICE

October 21, 2025

Justice Allyne R. Ross
US District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


RECEIVED
OCT 28 2025
PRO SE OFFICE

Dear Honorable Justice Ross,

I am writing this letter after learning of your retirement as a justice of the US District Court. It is to thank you for your handling of the case of my son, Eliahou Paldiel [docket number 24-CR-329 (ARR)], and especially your decision in the motion of the Screwber issue in my son's indictment, that you wisely dismissed after a thorough study of this charge. The "surge" matter is what was left of the indictment.

Learning of your retirement, I am truly sorry that you will be replaced by another justice when my son's case comes up for a final decision in several months' time – but perhaps, and so I fervently hope, you will still be the person to decide on the outcome of the case that was on your desk for over a year, especially with regard to the forfeiture and restitution issues, as well with the so-called "leadership aggravating role" in the indictment.

The US Code (USSG, #3B1.1.18, U.S.C.A.) defines "aggravating role" as the case of a defendant who "was an organizer or leader of criminal activity that involved five or more participants." It thus implies a criminal-style activity where the leader or leaders charter, direct and follow the course of criminal events, and profit handily therefrom. However, in the "surge" item of my son's indictment, other than helping install this third-party GPS program (created by someone else), in return for a minute fee, there was no further contact between Eliahou and his partner with the drivers. No information provided who of the drivers used it, in what way, when, and how many times. And, no payments whatsoever made by the drivers who used the third-party GPS program, to my son and his partner. There was, therefore, no personal involvement on the part of my son in the drivers' defrauding activity. So, it stands to reason that the "leadership aggraving role" item is totally inapplicable in this case, and should therefore be voided and eliminated. Yet, strangely, it constitutes an integral part of the indictment, as spelled out by Attorney Dana Rehnquist and her associates of the prosecutor's office.

Last Thursday, upon the counsel of Eliahou's lawyer, Attorney Donald Duboulay, my son agreed to a plea deal that would in practical terms leave him penniless, after all his monetary assets had already previously been confiscated, and under the plea deal are assigned to cover the costs of the forfeiture and restitution penalties. While the prosecution agreed to remove $130,000 from the original forfeiture fee, it would not return it to my son, but would be added to the restitution part. With no private funds to sustain him, this all adds up to the difficulties my son would experience on the road to a new living existence, and he would be largely dependent on welfare assistance.

It will also please you to know that my son has never before been involved nor indicted in any criminal charge. Born in Israel, he was also educated there. Here, in the USA, he did various

REC'D IN PRO SE OFFICE
OCT 28 '25 PM5:35

REC'D IN PRO SE OFFICE
OCT 28 '25 PM5:35

jobs to sustain himself as a single person, and gained ownership of an apartment in a lower middle class neighborhood in Queens, New York. Following the tragic 9/11 terrorist attack, my son was hired by the Department of Homeland Security and worked for the Transportation Security Administration for 10 years, first as supervisor, then promoted to manager position. As for myself, born in Belgium in 1937, I survived the Holocaust by being helped by a Catholic priest to flee from France to Switzerland. Then, after the war, my family moved to this country. After service in the US Army, I studied at the Hebrew University in Jerusalem, and continued at Temple University, in Philadelphia, where I earned a Ph.D degree in Holocaust studies. I then worked for 24 years as head of a department at Yad Vashem, the major Holocaust institute in Jerusalem, to honor non-Jewish rescuers of Jews during the Holocaust. I also taught at several US colleges and universities, and am currently retired.

In consideration of all the above, and especially your studious knowledge of the case, it is therefore my fervent wish that you remain as the judge to make the final decision, and wisely apply your judicious acumen in the decision, as you did previously in the judgment of the original indictment.

Thanking you for your consideration of this matter, and appreciating your response to this request. Last, but not least, best wishes to your wellbeing and good health.

Sincerely yours,

**Dr. Mordecai Paldiel**

233 South Federal Highway, #501
Boca Raton, FL 33432
646-575-7563; mpaldiel@gmail.com

M. Paldiel
233 South Federal Highway
Apt. 501
Boca Raton, FL 33432



MIAMI FL 330
22 OCT 2025 PM 5 L

Personal

USPS

Justice
Allyne R. Ross
US District Court
Eastern District of N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 28 2025 ★

BROOKLYN OFFICE

11201-189899